Filed 5/9/16  P. v. MacDaniel CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ROBERT YULE MacDANIEL,<br><br>　　Defendant and Appellant. | G052098<br><br>(Super. Ct. No. P00674)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Craig E. Robison, Retired Judge. (Pursuant to Cal. Const., art. VI, § 21.) Affirmed.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*　　　　\*　　　　\*

After a contested parole revocation hearing the court found defendant Robert Yule MacDaniel violated parole by absconding supervision and removing his global positioning system (GPS) monitoring device. The court revoked and reinstated his parole and sentenced him to 170 days in jail. MacDaniel timely appealed.

We appointed counsel to represent MacDaniel on appeal. Counsel filed a brief summarizing the proceedings and facts of the case and advised the court she found no arguable issues to assert on defendant's behalf. (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.) To assist us in our independent review of the record, counsel suggested we consider the issues discussed below.

Counsel and this court both notified MacDaniel that he could file a supplemental brief on his own behalf. However, we received no supplemental brief from him and the time for him to file one has passed.

## FACTS

Parole Agent Truong supervised MacDaniel. He testified another parole agent reviewed the terms and conditions of parole with MacDaniel, and MacDaniel initialed and signed a written statement of those terms and conditions.

Among other things, MacDaniel was required to participate in GPS monitoring as a condition of his parole. The GPS device assigned to and worn by MacDaniel was identified by a serial number.

On January 15, 2015, Truong received a text message indicating MacDaniel's GPS device had suffered a "master tamper." Truong then sent several alerts to the GPS device instructing MacDaniel to contact Truong. MacDaniel did not respond, so Truong went to the last known location of the GPS device.

Truong found the GPS device in the bushes, but MacDaniel was not there. The GPS device was missing pieces. One side was intact and the other was broken. Truong testified the only way to get the GPS device off was to cut or break it. MacDaniel did not report to Truong as required for 40 days ending February 25, 2015.

2

## DISCUSSION

We have independently reviewed the entire record according to our obligations under *Anders v. California*, *supra*, 386 U.S. 738 and *People v. Wende*, *supra*, 25 Cal.3d 436, and we have found no arguable issues on appeal.

(1)  Counsel suggests we consider whether the People presented sufficient evidence to support the finding MacDaniel violated his parole.  They did.  (Pen. Code, §§ 1203.2, subds. (a), (b)(1), 1203.3, subd. (b), 3000.08, 3010.10; see *People v. Rodriguez* (1990) 51 Cal.3d 437, 447 [burden of proof is preponderance of the evidence].)

(2)  Counsel suggests we consider whether the People's evidence was properly admitted and considered by the court.  We have found no evidentiary error.

(3)  Counsel suggests we consider whether the 170-day county jail sentence was proper.  It was.  The sentence was well within the court's substantial discretion.

## DISPOSITION

The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.